**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Etta Mae HILL, Defendant-Appellant.**

No. 76–2121.

United States Court of Appeals, Ninth Circuit.

Feb. 24, 1977.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

William M. Goodman, Asst. Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Before TRASK and ANDERSON, Circuit Judges, and TAKASUGI,* District Judge.

## OPINION

J. Blaine ANDERSON, Circuit Judge:

Appellant pled guilty to interstate transportation of a falsely-made security. Sentence was suspended and appellant was placed on probation for three years. While on probation, appellant pled nolo contendere to a state charge of criminal grand theft.

A probation revocation hearing was held where appellant and her counsel affirmed that she was prepared to admit the violation. Appellant complains that the District Judge did not explain her right to an evidentiary hearing, her privilege against self-incrimination, her right to confrontation and cross-examination nor the possible consequences of admitting the probation violation.

Appellant does not now contend that she did not plead nolo contendere to the state charge nor does she assert that there is any constitutional or other legal or factual basis for attacking the validity of the nolo contendere plea in state court.

The District Court found appellant in violation of the terms and conditions of probation, revoked probation and sentenced appellant to the custody of the Attorney General for five years.

The issue before us here is whether Rule 11 applies to probation revocation proceedings in this factual setting.

We hold that the procedural safeguards of Rule 11, Federal Rules of Criminal Procedure, do not apply to probation revocation proceedings under the circumstances.[1]

Rule 11 safeguards are to protect the rights of the accused at a criminal prosecution. Probation revocation is not a stage of the criminal prosecution. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). There is no need to repeat the process Rule 11 requires. Appellant had been fully advised of her rights under this rule, including maximum sentence, only a few months before at the arraignment and again at the sentencing hearing. At the sentencing hearing she was explicitly and emphatically advised of the consequences of a violation of the terms and conditions of probation. We find that these procedural safeguards given at the arraignment and emphasized at the sentencing carry over to this probation revocation proceeding.

Under the facts here, we do not find that appellant's admission at the hearing is a "functional guilty plea" because no additional punishment or sentencing can be imposed upon the appellant as a result of the admission as was the case in *Sesser v. Gunn*, 529 F.2d 932 (9th Cir. 1976).

Finding no error, we AFFIRM.

---

* The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation.

1. For an exhaustive analysis of the due process rights accorded to a defendant during the probation revocation hearing, see *United States v. Segal*, 549 F.2d 1293 (9th Cir. 1977).