**UNITED STATES of America, Appellee,**

v.

**Dennis RAPERT, Jr., Appellant.**

**No. 86–1513.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1987.

Decided March 9, 1987.

W. Bruce Leasure, Little Rock, Ark., for appellant.

Patrick Harris, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ROSS, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and CAHILL *, District Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Dennis Rapert, Jr. appeals the revocation of his probation and the sentence imposed on him by the district court [1] at his probation revocation hearing. At the hearing, Rapert, who was represented by counsel, stipulated to the facts that indicated he had violated the terms and conditions of his probation. The district court sentenced him to thirty months imprisonment. On appeal Rapert contends that during a probation revocation hearing the requirements of Fed.R.Crim.P. 11 should be satisfied and the privilege against self-incrimination should be protected. Rapert alleges that the Rule 11 requirements were not satisfied and the privilege was not protected at his probation revocation hearing. Rapert argues, therefore, that his sentence should be vacated. For the reasons set forth below, we affirm.

In September 1984, Rapert was convicted in the United States District Court for the Eastern District of Arkansas on one count of making a false statement in connection with the acquisition of a firearm and on one count of unlawful receipt of a firearm. The district court suspended his sentence and placed him on probation for a period of four years for each count, to run concurrently. Also in September 1984, Rapert pleaded guilty in the United States District Court for the Middle District of Louisiana on one count of possession of an unregistered firearm. Again his sentence was suspended and he was placed on probation for four years, to run concurrently with the probation imposed by the United States District Court for the Eastern District of Arkansas. Supervision and jurisdiction of the probation were later transferred to the Eastern District of Arkansas.

In December 1985, January 1986, and February 1986, Rapert was arrested and charged by the Blytheville, Arkansas Police Department with terroristic threatening.[2] The January arrest also included a charge of second degree battery. Rapert admitted to officials, and later to his probation officer, that he had been using illegal narcotics. Following the February arrest, a police toxicology drug screen report was filed, showing the presence of "cocaine, benzodiazepine, and salicylate" in Rapert's blood. Based on these facts a Petition for Probation Action was filed with the district court requesting that Rapert appear and show cause why his probation should not be revoked.

Rapert appeared with counsel at the probation revocation hearing. The parties informed the court that they had agreed to a stipulation of the facts. Those facts, recited by the Assistant United States Attorney, demonstrated that Rapert had violated his probation. In response to the court's inquiry, both Rapert and his attorney told the court that they agreed to the facts as recited. Rapert's attorney then requested to amend the existing probation. The court denied the request, revoked Rapert's probation, and sentenced him to thirty months imprisonment. Rapert appeals.[3]

---

* The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

2. Ark.Stat.Ann. § 41–1608 (Supp.1985) provides:
   (1)(a) A person commits the offense of terroristic threatening in the first degree if with the purpose of terrorizing another person he threatens to cause death or serious physical injury or substantial property damage to another person.

(b) Terroristic threatening in the first degree is a class D felony.
   (2)(a) A person commits the offense of terroristic threatening in the second degree if with the purpose of terrorizing another person he threatens to cause physical injury or property damage to another person.
   (b) Terroristic threatening in the second degree is a class B misdemeanor.

3. The following are the relevant excerpts of the probation revocation hearing:
   THE COURT: Are you ready to call your first witness?

On appeal Rapert contends that when a probationer admits to violating the terms and conditions of his probation, the court should satisfy itself, just as it does pursuant to Rule 11 when a defendant pleads guilty, that the probationer's admission is made voluntarily and with the full knowledge and understanding of the consequences of the admission. Rapert does not cite any decisions in which a court has held that the requirements of Rule 11 should be satisfied in a probation revocation hearing. Instead, Rapert relies on *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969), in which the Supreme Court held that it was error for a state trial judge to accept a guilty plea without an affirmative showing that the plea was intelligent and voluntary. The Court concluded that it is impermissible to assume from a silent record that the defendant has waived the right to a jury, the right to confront his accusers, and the privilege against compulsory self-incrimination. Rapert argues that Rule 11 should apply merely because the guilty plea and the admission of probation violations are similar.

■ Although guilty pleas and admissions to probation violations are similar in the sense that both may result in the loss of liberty, we hold that the requirements of Rule 11 are not applicable in a probation revocation hearing. All of the circuits that have addressed the issue have held that Rule 11 is inapplicable in these circumstances. *See United States v. Stehl,* 665 F.2d 58, 59–60 (4th Cir.1981); *United States v. Johns,* 625 F.2d 1175, 1176 (5th Cir.1980); *United States v. Hill,* 548 F.2d 1380, 1381 (9th Cir.1977); *United States v. Segal,* 549 F.2d 1293, 1296–1301 (9th Cir.), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231 (1977).

*United States v. Segal* appears to be the leading decision, which the others have followed. In *United States v. Segal,* the Ninth Circuit held that Rule 11 and the safeguards of *Boykin v. Alabama* do not apply to probation revocation proceedings. The court reasoned that the language of the rule does not address probation revocation hearings and that the advisory commit-

MR. HARRIS [Assistant United States Attorney]: Your Honor, I think, if we could, Mr. Leasure [Rapert's attorney] and I have talked it over and I think we have agreed to a stipulation as to what the witnesses would say.

MR. LEASURE: We feel we can probably be a little less formal about this, Your Honor, and summarize our positions, similar to mitigation of sentence hearing, that type of form.

THE COURT: Is there not any dispute about the facts?

MR. LEASURE: No, Your Honor.

After the Assistant United States Attorney summarized the undisputed facts, which we have set forth above, the following coloquy took place:

THE COURT: Are those facts undisputed?

MR. LEASURE: The fact that he has been arrested, Your Honor, is not in dispute. We are not prepared to defend him on the basis of the arrests, but those facts are not in dispute, no, sir.

THE COURT: Is that correct, Mr. Rapert? Do you deny any of those facts?

THE DEFENDANT: No sir, Your Honor. I have been arrested.

* * * * * *

MR. LEASURE: * * * we would not contest the facts. We would like to say that an arrest is not a conviction—does not a conviction make, and he is not prepared to defend on these three charges of terroristic threatening.

* * * * * *

I think we agree with the prosecution that the defendant does have a problem; it is just what the solution to that problem should be. We would like to request that the Court allow Mr. Rapert to amend the terms of his probation, basically with three conditions.

After Rapert's attorney set forth the three conditions, one of which was to allow Rapert to undergo voluntary rehabilitation for his alcohol and drug dependency problem, the court asked Rapert if he had anything to say. Rapert said, in essence, that he regretted spending his money to support his dependency and that he needed and wanted help. The court then stated:

Well, the first time I looked at this case I thought there was a chance Mr. Rapert could get squared away. That is the reason I put him on probation—[w]ith the hope he could get some treatment and his situation cleared up.

Very frankly, I think Mr. Rapert is a danger to himself and these other people, and I am not qualified to say what is best for him as far as medical treatment is concerned. But I think he definitely needs some treatment, and voluntary treatment is not the answer.

I think the thing to do is revoke his probation in each case and remand him to the custody of the Attorney General for a period of thirty months, to run concurrently on each case.

tee notes give no indication that the rule was intended to apply to such hearings. "If the Supreme Court and Congress wish to extend the application of Rule 11 to new areas, they are free to do so." *United States v. Segal*, 549 F.2d at 1296. The court also reasoned that admitting to probation violations at a revocation hearing is not the equivalent of pleading guilty to a crime. The admissions are "not made in the course of a criminal trial and do not give rise to a different statutory offense or to an increase in punishment on the underlying conviction." *Id.* at 1300. Finally, the court reasoned that the theoretical justifications for the due process safeguards assured in *Boykin v. Alabama* do not manifest themselves at the probation revocation hearing. The probationer has at best no right to a jury trial, an attenuated confrontation right, and a limited self-incrimination privilege (although it stated that the extent to which the privilege is limited is unclear). *Id.* at 1299.

■ We agree with and adopt the reasoning of the court in *United States v. Segal.* *See also United States v. Stehl*, 665 F.2d at 59; *United States v. Johns*, 625 F.2d at 1176. At oral argument, counsel for Rapert argued that Rapert should have been apprised at the revocation hearing of the maximum and minimum penalties for violating his probation. We disagree. Rapert was sufficiently apprised at the time of sentencing what the penalty would be for the offense or offenses to which he pleaded. Accordingly, we hold that Fed.R. Crim.P. 11 and the requirements of *Boykin v. Alabama* are not applicable to a probation revocation hearing.

■ Rapert next contends that "[t]he Fifth Amendment privilege against self-incrimination applies to parole and probation hearings." If Rapert's contention is that he should have been apprised of the privilege at the revocation hearing prior to admitting that he had violated the conditions of his probation, we disagree. As we held above, a probationer who admits to violating his probation is not entitled to the safeguards of Rule 11, which include apprising the defendant of the privilege. If,

on the other hand, Rapert's contention is that a probationer cannot be compelled to testify against himself at a probation revocation hearing when his testimony might incriminate him in a later criminal proceeding, then we agree. Nevertheless, Rapert is not entitled to prevail.

■ The privilege permits a person to refuse to testify against himself in two situations. First, a person may invoke the privilege in a criminal trial in which that person is a defendant. Second, a person may invoke the privilege "in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Leftkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973). Because a probation revocation hearing is not a stage of the criminal prosecution, *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973), only the second situation is applicable here.

■ While admitting to violating the conditions of his probation might incriminate him in a subsequent criminal proceeding, Rapert has not demonstrated that he was compelled to make the admissions during the revocation hearing. A person "must claim [the privilege] or he will not be considered to have been 'compelled' within the meaning of the [Fifth] Amendment." *Minnesota v. Murphy*, 465 U.S. 420, 427, 104 S.Ct. 1136, 1142, 79 L.Ed.2d 409 (1984) (quoting *United States v. Monia*, 317 U.S. 424, 427, 63 S.Ct. 409, 410, 87 L.Ed. 376 (1943)). Rapert did not assert the privilege when addressed by the court. Also, we believe Rapert lost the benefit of the privilege when he agreed to stipulate to the violations of his probation. His responses to the court admit nothing more than that to which he had already stipulated. Consequently, Rapert's Fifth Amendment claim must also fail.

Accordingly, we affirm the revocation of Rapert's probation and the imposition of the prison sentence.