43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard K. LUDDEN, II, Defendant-Appellant.
 No. 94-30134.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard K. Ludden, II appeals the district court's revocation of his supervised release and imposition of a two-year sentence of imprisonment following his admission that he had violated two conditions of his release. Ludden contends that the district court violated his due process rights by failing to advise him of the possible consequences of his admissions. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review issues of law de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.), cert. denied, 469 U.S. 824 (1984).
 
 
 4
 A defendant charged with a probation violation is entitled to notice of the violations, disclosure of the evidence against him, an opportunity to present and confront witnesses, and representation by counsel. Fed.R.Crim.P. 32.1; Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973). Because a probation revocation hearing is not a stage of the criminal prosecution, due process does not require the court to advise the defendant as to the maximum or minimum punishment for a probation violation. United States v. Segal, 549 F.2d 1293, 1300 (9th Cir.), cert. denied, 431 U.S. 919 (1977); United States v. Hill, 548 F.2d 1380, 1380-81 (9th Cir.1977).
 
 
 5
 On June 18, 1993, Ludden began a six-year term of supervised release after completing a 50-month prison sentence. As part of his supervised release, Ludden agreed to refrain from the use and possession of any controlled substances, and to refrain from the use of alcohol.
 
 
 6
 On March 16, 1994, the district court issued a warrant for Ludden's arrest alleging that he had consumed amphetamines on three occasions during his supervised release. A Supplemental Probation Report was filed on March 31, 1994 alleging that Ludden consumed cocaine on one occasion, and consumed alcohol on one occasion while on supervised release.
 
 
 7
 With the assistance of counsel, Ludden submitted a sentencing memorandum on April 7, 1994, admitting that he had consumed amphetamines on two occasions and had consumed alcohol on one occasion while on supervised release. At his violation hearing on April 8, 1994, the court accepted Ludden's admissions, and found that he had violated the conditions of his supervised release. The district court revoked Ludden's supervised release and sentenced him to two years imprisonment pursuant to 18 U.S.C. Sec. 3583(g).
 
 
 8
 The district court was under no obligation to apprise Ludden of the possibility of a two-year sentence for his supervised release violations. Thus, Ludden's claim that the district court violated his due process rights by failing to advise him of the consequential punishment for admitting supervised release violations lacks merit. See Fed.R.Crim.P. 32.1; Gagnon, 411 U.S. at 782; Segal, 549 F.2d at 1300; Hill, 548 F.2d at 1381.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3