# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3530

_____

United States of America,        *
                                   *
         Appellee,          *
                                   *   Appeal from the United States
     v.                              *   District Court for the Northern
                                   *   District of Iowa.
James Christopher Kopp,     *
also known as Jamie Kopp,     *         [UNPUBLISHED]
                                   *
        Appellant.        *

_____

Submitted: October 19, 2009
Filed: October 27, 2009

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

James Kopp appeals the sentence imposed by the district court[1] following revocation of his term of supervised release. Kopp argues that his within-Guidelines sentence of thirty-six months was unreasonable, and that the district court erred in not advising him of his Fifth Amendment right not to incriminate himself at the revocation

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

and sentencing hearing. We have reviewed the record and find that the district court did not abuse its considerable sentencing discretion. Kopp stipulated to serious supervised release violations–committing a severe physical assault, and being present, numerous times, in a bar. The district court considered the appropriate statutory factors from 18 U.S.C. § 3553(a), and did not abuse its discretion by sentencing Kopp within the advisory Guideline range.

Further, Kopp cannot establish that the district court violated his Fifth Amendment right against self-incrimination. Kopp concedes that the district court complied with Federal Rule of Criminal Procedure 32.1(b)(2)(E) by allowing him to allocute at the revocation hearing, but contends the district court should have warned him that anything he said during allocution, including his colloquy with the court, could be used against him to increase his sentence. We disagree. See United States v. Rapert, 813 F.2d 182, 185 (8th Cir. 1987) (holding that a probationer who admits violating his probation is not entitled to be apprised of the Fifth Amendment privilege). And, the record indicates that nothing said during the exchange between Kopp and the district court during allocution went beyond his original stipulation or might incriminate Kopp in future criminal proceedings. See id. (noting that revocation defendant's responses to the court admitted "nothing more than that to which he had already stipulated"). Accordingly, we affirm the judgment of the district court.

_____