# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 09-1941

_____

United States of America,

        Appellee,

v.

Mark Fuehrer,

        Appellant.

Appeal from the United States
District Court for the Northern
District of Iowa.

[UNPUBLISHED]

_____

Submitted: April 16, 2010
Filed: July 19, 2010

_____

Before BYE, JOHN R. GIBSON and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Mark Fuehrer appeals from the 24-month sentence that the district court[1] imposed upon revocation of his supervised release. Fuehrer argues that the court violated his Fifth Amendment right against self-incrimination by questioning him about his supervised release violations. He also argues that his sentence is unreasonable. For the following reasons, we affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

In 2001, Fuehrer pled guilty to distributing crack cocaine and was sentenced to 92 months' imprisonment and six years of supervised release. Fuehrer began his first term of supervised release in June 2006. In October 2006, the district court found that Fuehrer violated the conditions of his supervised release by using cocaine and alcohol. The court revoked Fuehrer's supervised release and sentenced him to 12 months' imprisonment followed by five years of supervised release. Fuehrer began his second term of supervised release in October 2007. In January 2009, the court received a petition to revoke Fuehrer's second term of supervised release. Fuehrer admitted that he violated the conditions of his supervised release by using alcohol, lying to probation officers, and failing to comply with his alcohol testing program. In lieu of revoking Fuehrer's supervised release, the district court modified the conditions of his supervised release.

In March 2009, the court received another petition to revoke Fuehrer's supervised release. The court held a revocation hearing at which Fuehrer, through his attorney, admitted to violating his supervised release conditions on several occasions by using alcohol and failing to comply with his alcohol testing program. The court then questioned Fuehrer about the violations that he admitted. Upon finding that Fuehrer violated the conditions of his supervised release, the court received documents and heard arguments from Fuehrer regarding the appropriate remedy for the violations. The court decided to revoke Fuehrer's supervised release, and after determining a Chapter 7 advisory guidelines range of 7 to 13 months' imprisonment, the court sentenced Fuehrer to 24 months' imprisonment. In support of its decision, the court stated that Fuehrer had repeatedly violated the conditions of his supervised release by using alcohol and refusing to comply with his alcohol testing program. The court found that Fuehrer consistently lied to his probation officers about his alcohol use and stated that the court "has no more resources to offer [him]."

Relying on *United States v. Rapert*, 813 F.2d 182 (8th Cir. 1987), Fuehrer argues that the court violated his Fifth Amendment right against self-incrimination by

questioning him about his supervised release violations during the revocation hearing. The Fifth Amendment privilege against self-incrimination permits a person to refuse to testify in two situations: (1) where the person is compelled to testify against himself in a criminal prosecution; or (2) where the person is compelled to testify "in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Rapert*, 813 F.2d at 185 (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)).

In *Rapert*, we rejected the proposition that a revocation hearing is a "stage of the criminal prosecution" that gives rise to an automatic right not to testify (situation one). 813 F.2d at 185.[2] Thus, Fuehrer must show that he was compelled to testify during the hearing and that "the answers might incriminate him in future criminal proceedings" (situation two). *See Lefkowitz*, 414 U.S. at 77. First, Fuehrer cannot show that he was compelled to testify during the revocation hearing. *See Rapert*, 813 F.2d at 185. Neither Fuehrer nor his attorney objected or asserted a Fifth Amendment privilege when the court questioned Fuehrer. *Id.* ("A person must claim [the privilege] or he will not be considered to have been compelled within the meaning of the [Fifth] Amendment." (quoting *Minnesota v. Murphy*, 465 U.S. 420, 427 (1984)) (alterations in original) (quotation marks omitted)). Second, Fuehrer previously admitted the supervised release violations about which the court questioned him. *See id.* ("[W]e believe Rapert lost the benefit of the privilege when he agreed to stipulate to the violations of his probation."). Finally, even assuming that Fuehrer's testimony was compelled, he has made no argument that any of his "answers might incriminate

_____

[2]While *Rapert* involved the revocation of probation, we have found it equally applicable to the revocation of supervised release. *See United States v. Kopp*, 355 Fed. App'x 981, 983 (8th Cir. 2009) (unpublished per curiam); *see also United States v. Bennett*, 561 F.3d 799, 801 n.3 (8th Cir. 2009) (finding jurisprudence governing parole and probation revocation hearings applicable to supervised release hearings).

him in future criminal proceedings." *See Lefkowitz*, 414 U.S. at 77. Accordingly, we reject Fuehrer's Fifth Amendment argument.

Fuehrer also argues that his sentence is unreasonable because there is "no indication in the record that the court considered any of the mitigating facts" Fuehrer set forth at the revocation hearing. We disagree. We review Fuehrer's sentence "under a deferential abuse of discretion standard." *United States v. Bear Robe*, 521 F.3d 909, 911 (8th Cir. 2008). The record shows that the court adequately considered the documents Fuehrer submitted at the revocation hearing, the statements he made at the hearing, and the relevant statutory factors in 18 U.S.C. § 3553(a). Furthermore, based on Fuehrer's repeated violations of the conditions of his supervised release by using alcohol, refusing to comply with his alcohol testing program, and failing to be honest with his probation officers, the court did not abuse its discretion in sentencing Fuehrer to 24 months' imprisonment. *See id.*

For the foregoing reasons, we affirm the judgement of the district court.

_____