# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2013

No. 12-41238
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN HUMBERTO CARDENAS-RAMIREZ, also known as Michel Cardenas-Felix, also known as Felix Luis Cardenas-Ramirez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-406-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Humberto Cardenas-Ramirez appeals the district court's revocation of his supervised release imposed in connection with his 2008 conviction for illegal reentry after deportation. Cardenas-Ramirez argues that the district court plainly erred in failing to ascertain whether his plea of true was knowing and voluntary and that this error violated his due process rights. Cardenas-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramirez acknowledges that this court has not yet decided whether *Boykin v. Alabama*, 395 U.S. 238 (1969), extends to revocation hearings, but he argues that this court should apply *Boykin* to revocation proceedings.

As Cardenas-Ramirez concedes, because he did not raise this issue in the district court, our review is limited to the familiar plain error standard. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009). Although we have not yet addressed whether *Boykin* applies to revocation hearings, *see United States v. Johns*, 625 F.2d 1175, 1176 (5th Cir. 1980), other circuits have held *Boykin* inapplicable to revocation proceedings. *See United States v. Pelensky*, 129 F.3d 63, 67-68 (2d Cir. 1997); *United States v. Rapert*, 813 F.2d 182, 184-85 (8th Cir. 1987); *United States v. Segal*, 549 F.2d 1293, 1296-1301 (9th Cir. 1977). Given the foregoing, any error by the district court with regard to failing to ascertain the knowing and voluntary nature of the plea was not clear or obvious, and therefore, it does not meet the plain error standard. *See United States v. Garcia-Rodriguez,* 415 F.3d 452, 455-56 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.