IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ROSAS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOSE P. ROSAS, APPELLANT.

Filed April 25, 2017.    No. A-16-468.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Stephen P. Kraft, of Kraft Law, P.C., L.L.O., for appellant.

Jose P. Rosas, pro se.

Douglas J. Peterson, Attorney General, and Sarah E. Marfisi for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

MOORE, Chief Judge.

INTRODUCTION

Jose P. Rosas pled guilty to possession of methamphetamine with intent to deliver and possession of cocaine. After his termination from drug court for noncompliance, the district court for Douglas County sentenced Rosas to 4 years' probation. Subsequently, Rosas admitted to a probation violation, and the court imposed concurrent sentences of 20 to 25 years' imprisonment for the possession of methamphetamine conviction and 20 months' to 5 years' imprisonment for the possession of cocaine conviction. Rosas appeals, asserting that the court erred in accepting his admission to the probation violation and by imposing an excessive sentence. He also asserts that he received ineffective assistance of counsel. For the reasons set forth herein, we affirm.

BACKGROUND

In 2006, Rosas was charged with possession of methamphetamine with intent to deliver, possession of a firearm while in violation of Neb. Rev. Stat. § 28-416(1), possession of cocaine, possession of a defaced firearm, and possession of a short shotgun (referred to herein as "the 2006 case"). The firearms charges were subsequently dropped, and Rosas pled guilty to possession of methamphetamine with intent to deliver and possession of cocaine, which allowed Rosas to enroll in drug court. Rosas was terminated from drug court for noncompliance, and in April 2008, the district court sentenced Rosas to 4 years' probation. Rosas did not appeal from his sentence of probation in the 2006 case.

In October 2011, the State filed an information, charging Rosas with violation of his probation in the 2006 case. The information only referred to Rosas having been placed on probation for "Unlawful Possession With Intent to Deliver a Controlled Substance - Class II Felony" and did not reference the possession of cocaine conviction. The State alleged that in violation of the terms of his probation, Rosas "received new charges on July 12, 2011 for Financial Responsibility, No Valid Registration and Improper Display of Plates" and that he also had an active warrant for failure to appear.

On April 16, 2012, a hearing was held before the district court, during which Rosas admitted to violating his probation in the 2006 case and also entered guilty pleas to two charges in another case (referred to herein as "the 2011" case).

The district court informed Rosas of his rights in connection with the information charging him with violating his probation in the 2006 case, including the right to a trial, the right to an attorney, the right to confront and cross-examine witnesses, the right to present evidence, and the right to testify if he chose to do so. In response to the court's inquiry, Rosas indicated his understanding that he would be waiving those rights by admitting to the probation violation. The court then told Rosas the record showed he had been placed on probation for possession with intent to deliver a controlled substance, a Class II felony, and that by admitting to the probation violation he would face the same penalty and sentence he "could have faced in the first place . . . a minimum of one year in prison and a maximum of 50 years in prison." Rosas indicated he understood that by admitting to the probation violation he would "face that penalty range." Upon the court's further inquiry, Rosas informed the court that he had graduated high school; could read, write, and understand English; that he had never been treated for or suffered from any kind of mental problems that might affect his ability to understand the proceedings; and that he was not under the influence of any kind of drug or alcohol that might affect his ability to understand.

Rosas then admitted to violating his probation "as charged in the new Information filed in this case" and informed the district court that he had seen the information charging him with violating his probation and had had a chance to go over it with his attorney. The court inquired whether Rosas admitted to "the factual basis, or the reasons given, in the Information charging [him] with violating [his] probation," and a discussion was held off the record. Rosas then responded, "Yeah. Yes, sir." In response to the court's request to provide a factual basis for the violation of probation, the State indicated that Rosas had been placed on probation for unlawful possession with intent to deliver a controlled substance, that one of the probation conditions was

that Rosas obey all laws, and that despite this condition Rosas received several new law violations while on probation, which would constitute a material violation of his probation. The State also noted that the events occurred in Douglas County, Nebraska.

The district court asked Rosas' attorney whether he had had full access, as far as he knew, to the State's evidence. Rosas' attorney responded affirmatively and also informed the court that he saw no advantage to Rosas if he were to have a trial, that he believed the facts sufficient to support a finding that Rosas had violated his probation, and that he believed Rosas' admission to the probation violation was consistent with the law and in his best interests. The court gave Rosas an opportunity to ask any questions, and Rosas had none. The court found that Rosas had violated his probation and ordered a presentence investigation, after which the court proceeded with the plea hearing in the 2011 case.

On June 26, 2012, a sentencing hearing was held in both the 2006 case and the 2011 case. In the 2006 case, the district court sentenced Rosas to 20 to 25 years' imprisonment for the underlying conviction for possession of methamphetamine with intent to deliver and sentenced Rosas to 20 months to 5 years' imprisonment for possession of cocaine, with both sentences to run concurrently. The court gave Rosas credit for time served of 12 days. In the 2011 case, the court imposed two concurrent sentences of 5 to 10 years, but ordered that the sentences in that case run consecutively to those in the 2006 case.

On August 9, 2012, Rosas filed a motion for leave to withdraw his "plea" admitting to the probation violation in the 2006 case. Rosas alleged that his "plea" was not knowingly, voluntarily, and intelligently given and that the court failed to explain the nature of the charges to him. He also asserted that he did not understand the facts alleged until the factual basis was read in court and "upon reflection," he believed that if allowed to present evidence, he could show his innocence. Rosas apparently also filed a motion to withdraw his guilty pleas in the 2011 case. On September 20, following a hearing, the district court denied both motions, finding that Rosas entered both his probation violation admission in the 2006 case and his guilty pleas in the 2011 case knowingly, voluntarily, and intelligently.

On October 24, 2012, Rosas filed a notice of appeal in the 2006 case, but his direct appeal in case No. A-12-990 was dismissed by this court on March 26, 2013, for failure to file briefs. A direct appeal in case No. A-12-991, the 2011 case, was similarly dismissed on March 26, 2013, for failure to file briefs.

In November 2013, Rosas filed a motion for postconviction relief in both the 2006 case and the 2011 case, alleging that his counsel had been ineffective for failing to prosecute his direct appeals and requesting relief in the form of new direct appeals. He subsequently filed an "AMENDED MOTION TO VACATE AND SET ASIDE CONVICTION AND SENTENCE AND/OR IN THE ALTERNATIVE WRIT OF ERROR CORAM NOBIS" in the cases, which he alleged had been previously "consolidated and amalgamated," setting forth additional allegations. On April 7, 2016, following an evidentiary hearing, the district court granted Rosas a new direct appeal in both cases after finding that his counsel was ineffective in failing to prosecute his original direct appeals.

Rosas obtained appellate counsel and filed a new direct appeal in the 2006 case, which was docketed as case No. A-16-468 and is the appeal presently under consideration by this court. We

- 3 -

note that Rosas also filed a new direct appeal in the 2011 case, which was docketed as case No. A-16-479. However, Rosas' new direct appeal in that case was dismissed by this court on August 15, 2016, for failure to file briefs. This court's mandate dismissing case No. A-16-479 issued on September 23, 2016, and Rosas did not file a motion for rehearing or a petition for further review. Although Rosas presents arguments concerning both the 2006 case and the 2011 case in his briefs filed in case No. A-16-468, only his arguments concerning the 2006 case are presently before this court.

## ASSIGNMENTS OF ERROR

With respect to the 2006 case, Rosas asserts, restated, that the district court erred by (1) accepting his admission to the probation violation and denying his motion to withdraw the admission because it was not given knowingly, voluntarily, and intelligently and (2) imposing an excessive sentence. He also asserts that he received ineffective assistance of counsel. Additionally, Rosas filed a pro se supplemental brief in which he asserts that the district court erred "when accepting [Rosas'] pleas because the pleas were not kno[w]ingly, volunt[a]rily and intelligently given." Pro se supplemental brief for appellant at 3. As noted above, only Rosas' arguments concerning the 2006 case are before this court.

## STANDARD OF REVIEW

The revocation of probation is a matter entrusted to the discretion of a trial court. *State v. Johnson*, 287 Neb. 190, 842 N.W.2d 63 (2014). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Castaneda*, 295 Neb. 547, 889 N.W.2d 87 (2017).

The determination of whether procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. *State v. McCurry*, 296 Neb. 40, ___ N.W.2d ___ (2017). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Artis*, 296 Neb. 172, ___ N.W.2d ___ (2017).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Artis, supra*.

The resolution of an ineffective assistance of counsel claim made on direct appeal turns on the sufficiency of the record. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015). When an ineffective assistance of counsel claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.* General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *Id.*

ANALYSIS

*Admission to Probation Violation.*

Rosas asserts that his admission to the probation violation in the 2006 case was not given knowingly, voluntarily, and intelligently. He argues that the factual basis for the probation violation was not clear, that the district court did not inform him of the range of penalties for the possession of cocaine conviction, and that the court should have conducted further inquiry into his competency to enter the admission upon learning Rosas' significant injuries incurred in a motorcycle accident that was discussed during the plea hearing in the 2011 case.

As pointed out by Rosas, to support a finding that a defendant has entered a guilty plea freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Bol*, 294 Neb. 248, 882 N.W.2d 674 (2016). The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *Id.* However, the present case does not involve a guilty plea to criminal charges; it involves admission to a probation violation. Rosas has already been convicted of possession of methamphetamine with intent to deliver and possession of cocaine. At the April 2012 hearing, as it related to the 2006 case, Rosas was not facing any new charges, only a motion to revoke his probation. A motion to revoke probation is not a criminal proceeding. *In re Interest of Rebecca B.*, 280 Neb. 137, 783 N.W.2d 783 (2010); *State v. Schuetz*, 18 Neb. App. 658, 790 N.W.2d 726 (2010). A probation revocation hearing is considered a continuation of the original prosecution for which probation was imposed--in which the purpose is to determine whether a defendant or a juvenile has breached a condition of his existing probation, not to convict or adjudicate that individual of a new offense. *Id.* A probation revocation hearing is not part of a criminal prosecution or adjudication and therefore does not give rise to the full panoply of rights that are due a defendant at a trial or a juvenile in an adjudication proceeding. *Id.* Accordingly, the requirements for entry of a guilty plea in a criminal proceeding are not applicable in this case.

Neb. Rev. Stat. § 29-2267 (Reissue 2016), which sets forth the applicable procedures for revoking probation, states in part:

> The probationer shall have the right to receive, prior to the hearing, a copy of the information or written notice of the grounds on which the information is based. The probationer shall have the right to hear and controvert the evidence against him or her, to offer evidence in his or her defense, and to be represented by counsel.

Section 29-2267 also provides for a probationer's right to prompt consideration of the charge and a hearing upon proper notice. Violation of probation is not itself a crime or offense; the statute provides a mechanism whereby the previous probation is revoked and the court may impose a new sentence for the offense for which the offender was originally convicted or adjudicated. *In re Interest of Rebecca B., supra.*

The minimum due process protections required at a probation revocation hearing are as follows: (1) written notice of the time and place of the hearing; (2) disclosure of evidence; (3) a

neutral factfinding body or person, who should not be the officer directly involved in making recommendations; (4) opportunity to be heard in person and to present witnesses and documentary evidence; (5) the right to cross-examine adverse witnesses, unless the hearing officer determines that an informant would be subjected to risk of harm if his or her identity were disclosed or unless the officer otherwise specifically finds good cause for not allowing confrontation; and (6) a written statement by the fact finder as to the evidence relied on and the reasons for revoking the conditional liberty. *State v. Johnson*, 287 Neb. 190, 842 N.W.2d 63 (2014). In addition, the parolee or probationer has a right to the assistance of counsel in some circumstances where the parolee's or probationer's version of a disputed issue can fairly be represented only by a trained advocate. *Id.* We consider Rosas arguments in light of these requirements.

First, Rosas argues that he did not understand the nature of the charges, an assertion refuted by the record. The record shows that Rosas was provided with both disclosure of the State's evidence and a copy of the information or written notice of the grounds on which the information is based. Rosas' attorney stated that he had had full access to the State's evidence. Rosas affirmed that he admitted to violating his probation as charged in "the new Information filed in this case" and agreed that he had seen the information and had a chance to go over it with his attorney. After further discussion, Rosas again admitted "to the factual basis, or the reasons given, in the Information charging [him] with violating [his] probation."

The information shows that on July 11, 2011, Rosas received new charges for "Financial Responsibility, No Valid Registration and Improper Display of Plates" and had an active warrant for "Failure to Appear." At the April 2012 hearing, the State informed the district court that one of the conditions of Rosas' probation was to obey all laws, that Rosas received several new law violations while on probation, which would constitute a material violation of his probation, and that the events occurred in Douglas County. Rosas attempts to create confusion by noting a 2010 probation violation that was discussed during the hearing on his motions to withdraw his admission in the 2006 case and his pleas in the 2011 case. However, a review of the bill of exceptions from the April 2012 probation revocation hearing demonstrates that Rosas understood he was admitting to the new 2011 probation violation and that his due process and statutory rights were met.

Next, Rosas argues that he was not aware of the possible penalties at the time of his admission, specifically in that he was not advised of the penalty range for his conviction for possession of cocaine. Re-advisement of the penalties for a criminal conviction is not one of the statutory or due process rights afforded a probationer at a probation revocation hearing. See *State v. Johnson, supra*; § 29-2267. See, also, *United States v. Rapert*, 813 F.2d 182 (8th Cir. 1987) (probationer not required to be re-apprised at revocation hearing of maximum and minimum penalties for violating probation where sufficiently apprised at the time of sentencing what the penalty would be for the offenses to which he pleaded).

Even if such a re-advisement were required, Rosas cannot show prejudice here. The Nebraska Supreme Court has held that if a defendant was sentenced within the term described by the trial court, prejudice is not then apparent on the face of the record. See *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015); *State v. Jipp*, 214 Neb. 577, 334 N.W.2d 805 (1983). Rosas was given a penalty advisement at the April 2012 probation revocation hearing and was sentenced within the term stated by the district court. While Rosas was not separately advised at the

revocation hearing of the penalty range for possession of cocaine, he was advised that if his probation was revoked he could face 1 to 50 years' imprisonment for possession of methamphetamine with intent to deliver. Rosas stated he understood that by admitting to violating his probation, he would "face that penalty range." The court sentenced him to 20 to 25 years' imprisonment for possession of methamphetamine with intent to deliver and a concurrent sentence of 20 months to 5 years for possession of cocaine. The sentence imposed for the methamphetamine possession conviction is well within the range stated by the court, and his concurrent sentence for the cocaine possession conviction does not increase the time he will spend in prison. Rosas' arguments with respect to the court's penalty advisement are without merit.

Next, Rosas argues that the district court should have inquired more carefully about his competency to admit to the probation violation because medication associated with a motorcycle accident he suffered may have impacted the voluntariness of his admission. During the portion of the April 2012 hearing devoted to the factual basis for Rosas' pleas in the 2011 case, he and his attorney informed the district court about the serious injuries he had suffered in a motorcycle accident. Rosas does not argue, however, that he actually was under the influence of drugs or incompetent during the April 2012 hearing. As discussed above, a voluntariness colloquy on competency is not part of the statutory or minimum due process requirements during a probation revocation hearing. See *State v. Johnson*, 287 Neb. 190, 842 N.W.2d 63 (2014); § 29-2267. Regardless, the record shows that the court made sufficient inquiry. During the revocation portion of the April 2012 hearing, the court asked Rosas if he had been treated for or suffered from any kind of mental problems or whether he was under the influence of any kind of drug or alcohol that might affect his understanding of the proceedings. Rosas responded in the negative to these inquiries. Rosas' argument about competency is without merit.

Finally, in his supplemental pro se brief, Rosas makes additional arguments as to the voluntariness of his pleas, which arguments relate to issues not under consideration in the present appeal of the 2006 case. His pro se arguments attack his original guilty pleas in the 2006 case and his pleas in the 2011 case. The validity of Rosas' underlying guilty pleas in 2006 is not at issue in this new direct appeal. After Rosas failed to complete drug court, he was sentenced to probation in April 2008 and filed no appeal from that order. See *State v. Osterman*, 197 Neb. 727, 250 N.W.2d 654 (1977) (where appeal not taken from order of probation, question of voluntariness of original guilty plea could not be considered). And, as noted above, Rosas' new direct appeal in the 2011 case was dismissed for failure to file briefs and is not under consideration in the present case.

*Excessive Sentence*.

Rosas asserts that the district court abused its discretion by imposing an excessive sentence. Rosas was convicted of possession of methamphetamine with intent to deliver, a Class II felony, which was punishable by 1 to 50 years' imprisonment at the time of the crime. Neb. Rev. Stat. § 28-416 (Cum. Supp. 2006); Neb. Rev. Stat. § 28-105 (Reissue 2008). He was also convicted of possession of cocaine, a Class IV felony, which was punishable at the time of the crime by 0 to 5 years' imprisonment, a $10,000 fine, or both. § 28-416; § 28-105. Accordingly, the court's sentences of imprisonment for 20 to 25 years for possession of methamphetamine with intent to deliver and 20 months to 5 years for possession of cocaine were well within statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Smith*, 295 Neb. 957, ___ N.W.2d ___ (2017). When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. *State v. Artis*, 296 Neb. 172 ___ N.W.2d ___ (2017). The sentencing court is not limited to any mathematically applied set of factors. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

At the sentencing hearing, the district court gave both Rosas and his attorney the opportunity to make statements. The district court stated that it had considered the information in the presentence investigation report (PSR) and the files in both the 2006 and the 2011 case. In sentencing Rosas in the 2006 case, the court placed particular weight on the seriousness of Rosas' crimes and the danger Rosas, as an armed drug dealer, posed to the public.

At the time of the PSR, Rosas was 28 years old. He had a high school education, but he was not employed, largely due to the serious motorcycle accident he suffered in 2011. However, Rosas' last actual employment was in 2010. Rosas' criminal history is not particularly lengthy but shows several serious offenses. The underlying offense in the present case involved armed distribution of controlled substances. Later in 2006, he had a felony controlled substance possession offense that was amended to misdemeanor attempted controlled substance possession, and in 2011, he was arrested on a stolen motorcycle, carrying significant quantities of methamphetamine and illegally carrying a firearm. On the Level of Service/Case Management Inventory, he scored in the high risk to reoffend category, and the probation officer recommended a straight sentence of incarceration.

The district court did not abuse its discretion in considering the relevant factors and did not impose an excessive sentence in the 2006 case. Rosas' arguments to the contrary are without merit.

Rosas also argues that because the court made his sentence in the 2011 case consecutive to the sentence in the 2006 case, he will have to complete his 20-year minimum sentence in the 2006 case and then complete his 5-year minimum sentence in the 2011 case before he can be eligible for parole. He argues further that this does not "leave much room for those who have charge of supervising his incarceration to determine the time of his release as permitted or required by law." Brief for appellant at 21. However, Rosas' new direct appeal in case No. A-16-479 was dismissed on August 15, 2016, for failure to file briefs, and arguments about sentencing in that case are not properly before this court in the present case.

*Ineffective Assistance of Counsel*.

Rosas asserts that he received ineffective assistance of counsel. He argues that his counsel was ineffective for misadvising him that he would only face 2 to 4 years' imprisonment following his probation revocation. Rosas notes his testimony at the hearing on his motion to withdraw his

admission in the 2006 case and to withdraw his plea in the 2011 case. Rosas testified that during an off-the-record discussion during the probation revocation portion of the April 2012 hearing, his attorney told him that he would receive a sentence of 2 to 4 years and that if he "had not been told that the worst [he would] get was four years," he "would have never plead guilty."

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Betancourt-Garcia*, 295 Neb. 170, 887 N.W.2d 296 (2016). An appellate court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id.* To show prejudice when the alleged ineffective assistance relates to the entry of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have entered the plea and would have insisted on going to trial. *State v. Hessler*, 295 Neb. 70, 886 N.W.2d 280 (2016).

Where the record refutes a claim of ineffective assistance of counsel, no recovery may be had. *State v. Liner*, 24 Neb. App. 311, 886 N.W.2d 311 (2016). The record here affirmatively disproves Rosas' assertion that he relied on his counsel's alleged promise of a lower sentence because he assured the district court that he understood otherwise. At the April 2012 hearing, Rosas was advised by the district court that he could face 1 to 50 years in prison for possession of a controlled substance with intent to deliver. Rosas stated that he understood that by admitting to the probation violation he faced "that penalty range." See *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015) (record refuted defendant's claim of reliance on counsel's promise of 50-year sentence for second degree murder where advised by judge at plea hearing he could face life in prison and defendant's statements at sentencing referenced possibility of life in prison). Rosas' claim of ineffective assistance of counsel with respect to the 2006 case is without merit.

To the extent Rosas argues he received ineffective assistance of counsel in connection with his pleas in the 2011 case, his new direct appeal in case No. A-16-479 was dismissed on August 15, 2016, for failure to file briefs, and those arguments are not properly before this court in the present case.

## CONCLUSION

The district court did not abuse its discretion in revoking Rosas' probation or in sentencing him in the 2006 case. Rosas' counsel was not ineffective in the 2006 case.

AFFIRMED.