# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-2217

_____

United States of America

*Plaintiff - Appellee*

v.

Royrico A. Bunch

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 18, 2013
Filed: February 28, 2013

_____

Before BYE and MELLOY, Circuit Judges, and KOPF,[1] District Judge.

_____

MELLOY, Circuit Judge.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

Royrico A. Bunch admitted a supervised-release violation after sweat patches revealed drug use. At a revocation hearing, the district court[2] found that Bunch also committed more serious supervised-release violations involving assault and the possession of crack cocaine and marijuana. Bunch appeals, arguing the district court made unsupported factual determinations when concluding he committed the more serious violations. Because the findings at issue are supported by substantial evidence and rest upon the district court's credibility determinations, we affirm.

I.

The assault at issue was the shooting of Gregory Calhoun. At the hearing, Calhoun, Bunch, police officers, and members of Bunch's family testified. According to Calhoun, Bunch and Calhoun were romantically involved with the same woman, Katrina Curtis. Calhoun stated that Bunch threatened him and shot at Calhoun's car, hitting the car several times and hitting Calhoun once in the leg. Calhoun testified that he had a clear view of Bunch immediately before the shooting. Calhoun was treated at a hospital for his gunshot wound to the leg, and his car had, in fact, been shot. Curtis was at the hospital with Calhoun, but Calhoun sent her away before a different girlfriend arrived. He told the other girlfriend an account of the shooting inconsistent with his account involving Bunch. Calhoun identified Bunch a few days later in a photo line up, requiring only a few seconds to identify Bunch. Bunch denied involvement with the shooting, and Bunch's family members testified to provide an alibi for Bunch.

The drugs at issue were found in a post-impound search of Bunch's car. Officers testified that, when they apprehended Bunch, Bunch provided oral consent for a search of his car. A cursory initial search took place at that time, and no drugs

_____

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

were found. The car was impounded, and a tow-truck driver entered the car to make towing possible. The later, post-impound search revealed marijuana and crack cocaine in plain view on the vehicle's floor.

Relying on this evidence, the district court found that Bunch had possessed the drugs and that he shot Calhoun. The district court determined that Bunch's violations included a Grade A supervised-release violation pursuant to U.S. Sentencing Guidelines Manual § 7B1.1(a)(1). Based upon Bunch's criminal history, the sentencing range of U.S.S.G. § 7B1.4(a) for a Grade A violation, and the relevant statutory maximum for his underlying offense, the advisory Guidelines "range" was 24 months' imprisonment. The district court imposed this Guidelines sentence.

## II.

On appeal Bunch challenges the findings that he possessed the drugs discovered in his car and that he shot Calhoun. The district court made these findings applying the preponderance-of-the-evidence standard as directed by 18 U.S.C. § 3583(e)(3), and we review the findings only for clear error. See United States v. Benton, 627 F.3d 1051, 1054 (8th Cir. 2010) (explaining the standard of review).

Regarding the controlled-substance violation, Bunch implies that someone else must have placed the drugs in his car because the officer who conducted the post-impound search claimed to find the drugs in plain sight, whereas the initial consent search failed to reveal the drugs. The district court was aware of this argument, but chose to credit officer testimony and discount the possibility that an officer, the tow-truck driver, or some unidentified party planted the drugs. This interpretation of the evidence was permissible in light of the fact that the initial search was merely a cursory search that could have missed the drugs. See Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Regarding the shooting, Bunch focuses primarily upon Calhoun's personal motivation to see Bunch incarcerated—not only was Calhoun romantically involved with the same woman as Bunch, Calhoun purportedly had made comments regarding his desire to see Bunch incarcerated. Bunch also points to several questionable aspects of Calhoun's testimony such as Calhoun's lies to his other girlfriend about the shooting.

The district court was aware of, and discounted or rejected, Bunch's arguments. The district court credited the officers' and Calhoun's testimony over Bunch's denials and the alibi testimony. Such credibility assessments are "virtually unreviewable on appeal." United States v. Heath, 58 F.3d 1271, 1275 (8th Cir. 1995). Although the district court could have viewed Calhoun's animus towards Bunch as wholly credibility-defeating, it was not required to do so. Further, although the district court could have viewed Calhoun's lies to another girlfriend about the shooting as evidence that Bunch was not the shooter, the court equally could have viewed the lies as an attempt by Calhoun to hide from the other woman his involvement with Curtis. Finally, the family's alibi testimony contained inconsistencies. Simply put, there were multiple reasonable ways to view the evidence. It is not our role to re-weigh evidence and substitute our own credibility assessments for those of the district court. See FTC v. Lundbeck, 650 F.3d 1236, 1239 (8th Cir. 2011) ("If the district court's fact-findings are plausible in light of the record viewed in its entirety, they must be affirmed.") (citation and internal quotation marks omitted).

We affirm the judgment of the district court.

_____