# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2981

_____

United States of America

*Plaintiff - Appellee*

v.

Darrell George Taylor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 14, 2014
Filed: March 20, 2014

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

Darrell Taylor appeals the sentence imposed by the district court[1] on the revocation of his second period of supervised release. Although his attorney conceded his violations of the conditions of supervised release in his presence, Taylor

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

argues that the district court committed plain error by not asking him personally whether he conceded the violations. Taylor also appeals the substantive reasonableness of his sentence. We affirm.

## I.

Taylor pled guilty in 2007 to possession with the intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). On January 17, 2008 the district court sentenced him to 60 months imprisonment and four years of supervised release. His first term of supervised release began on May 13, 2011. In the following year he was arrested for use of a controlled substance and failure to maintain contact with his probation officer. At both his preliminary and final revocation proceedings, Taylor waived his right to a full hearing and admitted the charged violations. He was sentenced to 6 months of imprisonment and an additional 18 months of supervised release.

Taylor began his second term of supervised release on May 29, 2013. Two days later on June 1, St. Louis police responded to an alleged assault on his girlfriend. As subsequently alleged in the petition to revoke his supervised release, Taylor had punched his girlfriend in the face while riding in a car, pulled her by the hair and slammed her face into the dashboard. When they were unable to locate Taylor, the St. Louis police contacted the Creve Coeur department. Officers from that department went to Taylor's residence where they saw that his girlfriend had injuries on her face and blood stains on her clothing. She later told police that Taylor had repeatedly punched her in the face, driven her head onto the floor, and kicked her in the head. Taylor refused repeated orders by the police to stand up when they arrested him and the officers had to lift him into a standing position. Taylor was then charged by the City of Creve Coeur with domestic assault and resisting arrest.

On July 26, 2013 the federal district court issued a warrant for Taylor's arrest which was executed on August 5. Taylor was charged with multiple violations of his supervised release including a delinquent monthly supervision report, failure to notify his probation officer within 72 hours of his arrest on June 1, and failure to attend required substance abuse testing in June and July. Taylor pled not guilty at his preliminary revocation hearing before a magistrate judge on August 7. His probation officer testified in support of the petition to revoke, and the magistrate judge set a final revocation hearing before the district court on August 22.

At the final revocation hearing the district court summarized the violation allegations, and Taylor's attorney informed the court that his client admitted all the charged violations other than domestic assault. Neither the government nor the defense offered any evidence. The court invited Taylor to speak and informed him that he was free "to address any of the issues about" the four charged violations of his release conditions. The court stated that these were the only charges before it and ready for consideration. It warned Taylor that he "should say nothing about the allegations concerning assault." Taylor then addressed the court and requested that he have a chance to move forward with his life. He also stated that he had been attending his court ordered anger management classes and was "open and willing to attend any more classes" the court might view as helpful.

Taylor's guideline range was calculated at 5 to 11 months, and the district court sentenced him to 10 months imprisonment to be followed by 13 months of supervised release. The court also ordered domestic violence counseling and continued anger management treatment. Taylor now appeals and argues that the district court committed plain error by not asking him directly whether he admitted the violations of his release. He also appeals his 10 month sentence as substantively unreasonable.

## II.

Before a supervised release may be revoked, a defendant has a right to a revocation hearing.  Fed. R. Crim. P. 32.1(b).  This right may be waived, but to be effective a waiver must be knowingly and voluntarily made.  United States v. Correa-Torres, 326 F.3d 18, 22 (1st Cir. 2003).  Taylor contends that the district court erred by revoking his supervised release without his direct admission to the charged violations of the conditions of release.  Since Taylor failed to raise such an objection before the district court, our review is for plain error.  United States v. Taylor, 679 F.3d 1005, 1007 (8th Cir. 2012).  Taylor must therefore show that the district court committed an error that was plain and that affected his substantial rights.  Id.  We may only exercise our discretion to correct a plain error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (quotation omitted.)

The requirements for acceptance of guilty pleas under Federal Rule of Criminal Procedure Rule 11 do not apply at revocation hearings.  See United States v. Rapert, 813 F.2d 182 (8th Cir. 1987).  Accepting a guilty plea requires an affirmative showing that the plea is intelligent and voluntary.  Boykin v. Alabama, 395 U.S. 238, 242 (1969).  We concluded in Rapert that "admitting to probation violations at a revocation hearing is not the equivalent of pleading guilty to a crime" and therefore Rule 11 and the requirements in Boykin do not apply.  813 F.2d at 185.

Other circuit courts have also declined to require an affirming colloquy at revocation hearings like the one Taylor seeks here.  In United States v. Tapia-Escalera, 356 F.3d 181, 184 (1st Cir. 2004), the defendant was told of his procedural rights at a preliminary hearing and defense counsel admitted to the charges in the defendant's presence, and the defendant failed to object to the admissions.  Id.  As in the case now before our court, the defendant had also been through a prior revocation hearing and was familiar with his procedural rights.  Id.  In light of these

circumstances the First Circuit concluded that the defendant's waiver was knowing and voluntary.  Id.  The Fourth Circuit has also concluded that a waiver is knowing and voluntary when a defendant's counsel has admitted to violations in the defendant's presence and the defendant asks for leniency, but fails to object to the attorney's admissions.  United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2004).

Although Taylor concedes that the factors which led the First Circuit to conclude that a waiver was knowing and voluntary in Tapia-Escalera are also present here, he argues that a personal colloquy was required to ensure not only that his waiver was knowing and voluntary, but also that it had been made with the effective assistance of counsel.  Taylor contends that a more pointed colloquy would have informed the district court that his attorney had misled him, but at this stage he does not raise an ineffective assistance claim.  Such claims normally involve facts outside the record and are thus "more appropriately raised in collateral proceedings." United States v. Martin, 59 F.3d 767 771 (8th Cir. 1995).

While it would have "simplified matters" if the district court had directly asked Taylor if he admitted the violations, Tapia-Escalera, 356 F.3d at 184, the court did afford Taylor an opportunity to speak after his attorney had conceded them and asked if Taylor wanted "to address any of the issues about" the four violations of his release conditions. Taylor sought leniency instead and voiced no objection to his counsel's admissions.  On this record we conclude that the district court did not err in revoking Taylor's supervised release.

Taylor also contends that the district court's imposition of a 10 month sentence was substantively unreasonable.  While Taylor acknowledges that the district court explicitly stated the assault allegations were not before it and that it could not consider those allegations, he claims that the court gave improper weight to them because it imposed release conditions related to domestic violence and anger management counseling.

We review the substantive reasonableness of a revocation sentence under a deferential abuse of discretion standard, and we may apply a presumption of reasonableness to sentences within the guideline range. United States v. Feemster, 572 F.3d 455, 460–61 (8th Cir. 2009) (en banc). Taylor's guideline range was 5 to 11 months, and we therefore may presume his 10 month sentence was substantively reasonable. See id. Prior to his sentencing, Taylor informed the court that he had been attending his anger management classes and was willing to attend other courses that the court viewed as helpful. Taylor's girlfriend had stated in an earlier presentence investigation report that he had assaulted her and had been arrested by St. Louis police. Such facts relate to the history and characteristics of a defendant and are therefore proper factors for the district court to consider in imposing a sentence, 18 U.S.C. § 3553(a). We conclude that the district court did not abuse its discretion in imposing a reasonable sentence for Taylor's violation.

For these reasons we affirm the judgment of the district court.

_____