# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3588

_____

United States of America

*Plaintiff - Appellee*

v.

Gretchen Kari Hoyle, Now known as Gretchen Kari Dominguez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 12, 2014
Filed: August 5, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and SMITH, Circuit Judges.

_____

PER CURIAM.

Gretchen Kari Hoyle challenges the district court's[1] imposition of a sentence of imprisonment following a supervised release revocation hearing. We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

The district court sentenced Hoyle in February 2008 to 48 months' imprisonment, followed by eight years' supervised release, on charges of conspiracy to distribute marijuana and conspiracy to commit money laundering. Hoyle's term of supervised release started in January 2011. For two years, Hoyle's term of supervised release continued without incident. Then, in January 2013, the court modified Hoyle's supervised release conditions to include remote alcohol testing after Hoyle admitted to the United States Probation Office (USPO) that she violated two conditions of supervised release by frequenting bars and failing to notify her probation officer of an employment change. Hoyle returned to the court in April 2013 for a supervised release revocation hearing to address six additional alleged violations of supervised release, including her presence at bars or taverns, failure to comply with remote alcohol testing, using alcohol and being untruthful. The court again modified the terms of Hoyle's supervised release and sent her to a halfway house for 180 days. She completed that placement on October 5, 2013.

Hoyle again returned to court for a supervised release revocation hearing in November 2013, this time for rule violations committed at the halfway house and consuming alcohol in violation of the terms of her supervised release. Hoyle admitted wrongdoing at the hearing, but sought to remain in the community without additional prison time. The district court was not persuaded the third time around to simply modify the terms of Hoyle's supervised release and instead imposed a within-Guidelines prison sentence of six months, followed by four years' supervised release. Hoyle argues that the imposed sentence is substantively unreasonable–that it is greater than necessary to achieve the goals of sentencing under 18 U.S.C. § 3553(a).

A district court's authority to impose a prison sentence upon revocation of supervised release is set forth in 18 U.S.C. § 3583(e)(3). "We review the substantive reasonableness of a revocation sentence under a deferential abuse of discretion standard." United States v. Taylor, 747 F.3d 516, 520 (8th Cir. 2014). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to

consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009) (quotation omitted).

The court did not abuse its discretion here. Contrary to Hoyle's argument, it is apparent in the sentencing colloquy that the court did not have designs on one outcome alone, nor did the court take "personal affront" to the violations committed by Hoyle. The court expressly acknowledged that "all of the options [were] available," and Hoyle had been previously informed that "one more lie, one more rule violation, one more episode of drinking, and [you are] going to prison." These realities were not improper factors to consider at sentencing. The court considered all of the § 3553(a) factors in this case and determined that it was essentially out of sentencing options, despite Hoyle's personal characteristics, as Hoyle continued to violate any sanction imposed that was less than a prison sentence.

The district court had previously warned Hoyle about the consequences of any further violations of the court order and Hoyle admitted to the wrongdoings that brought her before the court this time. In the end, Hoyle was unsuccessful with remote alcohol testing, failed to follow the rules at the halfway house, and continued to commit rule violations. Further, it was apparent to the court that treatment programs were not working. Hoyle's dishonesty throughout these proceedings, with the court as well as the USPO, only exacerbated the problem, especially during her third appearance before the court concerning violations of her supervised release. See United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011) ("The district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within the wide latitude given to individual district court judges in weighing relevant factors.") (internal quotation and alteration omitted). We conclude that the imposed

within-Guidelines sentence, presumed to be reasonable on appeal, is reasonable on these facts. <u>Taylor</u>, 747 F.3d at 520. We affirm.

_____