# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1460
_____

United States of America

*Plaintiff - Appellee*

v.

Yusuf John Jones, also known as John Jones Yusuf

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 12, 2014
Filed: October 21, 2014

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Yusuf Jones appeals the sentence imposed by the district court[1] after revocation of his fourth period of supervised release. Jones argues that the district court erred by sentencing him on conduct not included in the written violation report he received

_____

[1] The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

prior to his revocation hearing. Jones also appeals the substantive reasonableness of his sentence. We affirm.

Jones pled guilty in 2010 to possession of a firearm by an unlawful user of controlled substances in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The district court sentenced him to 36 months imprisonment and 36 months supervised release. Jones agreed to a modification of release which required him to participate in a residential reentry program. The probation office petitioned for revocation after only one month of release because of Jones' violation of conditions of his reentry program. Jones stipulated to the violations, and the district court revoked his release, sentencing him to 30 days imprisonment and 35 months supervised release.

His second period of supervised release began on August 22, 2012; within a week he tested positive for substance abuse. Jones was thereafter removed from the reentry program for making false statements, disobeying orders, and failing to maintain employment. The district court revoked his release and sentenced him to 5 months imprisonment and 25 months supervised release. His third period of supervised release began on February 26, 2013. Jones subsequently failed to abide by his electronic monitoring agreement and was charged with an assault and associating with substance abusers. The district court again revoked his release and sentenced him to 7 months imprisonment and 24 months supervised release.

On November 7, 2013 Jones again entered supervised release, but two months later the probation office filed a written violation report detailing his failure "to comply with rules of electronic monitoring." Jones was accused of a curfew violation for failing to return to his residence at the required time and of tampering with his ankle monitoring device. The district court held another revocation hearing on February 12, 2014 at which Jones stipulated to the curfew violation. The district court raised some additional behavioral problems which had been discussed at a prior hearing but were not mentioned in the latest report. The court noted that Jones had

assaulted a police officer and had attempted to cover up his curfew violation by falsely reporting that he had been kidnapped.

The district court asked Jones if he wanted to testify or to cross examine the probation officers who were prepared to testify on the additional violations. Jones declined the opportunity, and defense counsel requested a sentence of 19 months without another period of supervised release. After finding that Jones had violated his release by his curfew violation and other uncontroverted violations, the court calculated his guideline range at 5 to 11 months on the curfew violation and 8 to 14 months on the others. The district court then sentenced Jones to 18 months imprisonment.

Jones appeals, arguing that the district court impermissibly sentenced him on conduct not included in the written violation report he received prior to the revocation hearing. He also asserts that his 18 month sentence is substantively unreasonable.

Jones contends that the district court violated his right to receive "written notice of the alleged violation" by sentencing him on conduct not alleged in the written violation report. Fed. R. Crim. P. 32.1(b)(2)(A). Since Jones had not raised this objection before the district court, the question is whether he forfeited or waived the issue. In United States v. Olano, the Supreme Court distinguished forfeiture, the "failure to make the timely assertion of a right" from waiver, the "intentional relinquishment or abandonment of a known right." 507 U.S. 725, 733 (1993). While forfeited claims are reviewed for plain error, waived claims are unreviewable on appeal. United States v. Gutierrez, 130 F.3d 330, 332 (8th Cir. 1997).

A defendant may waive the right to receive written notice of an alleged violation prior to a revocation hearing. See United States v. Taylor, 747 F.3d 516, 519 (8th Cir. 2014). An effective waiver must be knowing and voluntary. Id. A knowing and voluntary waiver in the context of a revocation hearing does not require

particular words or an intensive colloquy in contrast to the requirements of Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Correa-Torres, 326 F.3d 18, 23 (1st Cir. 2003) (collecting cases). We look instead to the totality of circumstances, paying particular attention to the defendant's understanding of the right to written notice and how it might be waived. Id.

We find no support for the government's contention that Jones waived his right to receive written notice of the additional violations. Here, the district court never found that Jones waived such a right, and Jones could not have knowingly waived his right to written notice without knowledge of that right. Id. at 24. Nevertheless, Jones declined the district court's invitation to testify or cross examine witnesses. As a result, he waived his rights to "make a statement and present any information in mitigation" under Rule 32.1(b)(2)(E) and to question witnesses under Rule 32.1(b)(2)(C). Although Jones had the right to written notice under Rule 32.1(b)(2)(A), without a knowing and voluntary waiver of that right he simply forfeited it.

We review forfeited objections for plain error. Under plain error review, we will reverse the district court only if the error prejudiced the substantial rights of the defendant, and would result in a miscarriage of justice. United States v. Jewell, 614 F.3d 911, 917 (8th Cir. 2010). Although Jones did not receive written notice of the additional violations prior to the revocation hearing, that error did not affect his substantial rights "by prejudicially influenc[ing] the outcome of the district court proceedings." United States v. Bossany, 678 F.3d 603, 606 (8th Cir. 2012). Jones suggests that the lack of written notice deprived him of the opportunity to contest the additional violations, but he fails to explain what he would have done differently if such notice had been given. United States v. Sistrunk, 612 F.3d 988, 992 (8th Cir. 2010). He does not claim that written notice of the additional violations would have led him to testify and challenge the charges or to cross examine witnesses. Nor did he attempt to reopen the hearing to introduce further evidence. Id. Although defense

-4-

counsel recommended a sentence of 19 months imprisonment, the district court sentenced Jones to only 18 months. Thus, even if Jones had not received written notice of the additional violations prior to the hearing, he was not prejudiced. We therefore deny Jones' request to remand for resentencing.

Jones also appeals his sentence as substantively unreasonable. We review the reasonableness of a revocation sentence under the same abuse of discretion standard as initial sentencing decisions. United States v. Goodon, 742 F.3d 373, 376 (8th Cir. 2014). A district court abuses its discretion if "it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir 2009). Jones argues that the district court abused its discretion by sentencing him to 18 months for a "low-grade, de minimis" curfew violation. We disagree. The district court did not sentence Jones on the curfew violation alone. Rather, it found by a preponderance of evidence that Jones committed additional violations by filing a false police report and assaulting a probation officer. We also decline to consider the curfew violation a de minimis offense on the facts of this case since Jones has violated four consecutive periods of release in the past two years.

Given the frequency of these violations, his lack of attention to the conditions of release, and the failure of lesser sentences to deter him, his 18 month sentence is substantively reasonable. See United States v. Beran, 751 F.3d 872, 875 (8th Cir. 2014). For these reasons the district court did not abuse its discretion in sentencing Jones.

The judgment of the district court is affirmed.

_____