# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1215

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas E. Iyarpeya

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: November 10, 2014
Filed: November 20, 2014
[Published]

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Thomas E. Iyarpeya admitted violating his supervised release. He appeals the district court's[1] above-Guidelines sentence of 24 months' imprisonment. He contends

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

that the district court should have followed Federal Rule of Criminal Procedure 11 before accepting his admissions and imposing the sentence. He also says that his sentence is unreasonable. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In the report and recommendations on the revocation petition, the magistrate judge found that Iyarpeya knowingly and voluntarily admitted violating his supervised release. The judge noted: "The parties represented [to] the Court that, if Defendant pays all restitution that was required as a part of his sentence, they would jointly recommend that Defendant receive an additional six months of custody with credit for time served and that Defendant be released from any further supervised release." Neither party objected to the report.

The Guidelines range was three to nine months. Iyarpeya requested that the district court enforce the agreement of the parties and order six months' imprisonment. The government did not make a specific recommendation. The court found that there was no agreement because Iyarpeya failed to pay restitution. It did not give Iyarpeya the chance to withdraw his admissions, although he did have the opportunity to address the court. The court sentenced him to the statutory maximum of 24 months.

Iyarpeya claims that the court should have followed Rule 11—advising him that he could withdraw his admissions if the agreement is rejected and that the court could impose a harsher sentence than the agreement contemplates—before accepting his admissions. Since Iyarpeya failed to raise this objection in the district court, this court reviews for plain error. *United States v. Taylor*, 747 F.3d 516, 519 (8th Cir. 2014). The court will correct (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Bain*, 586 F.3d 634, 640 (8th Cir. 2009) (per curiam).

Iyarpeya does not argue that the procedure here violated due process. *See United States v. Simms*, 757 F.3d 728, 731 (8th Cir. 2014) (describing minimum due process required for supervised release revocation), *citing Morrissey v. Brewer*, 408 U.S. 471, 480, 489 (1972). He also does not argue that his admission was unknowing or involuntary. *See Taylor*, 747 F.3d at 519.

Rule 11 does not apply to revocation hearings. *Id.*, *citing United States v. Rapert*, 813 F.2d 182, 185 (8th Cir. 1987). The language of the rule does not address revocation hearings. "'If the Supreme Court and Congress wish to extend the application of Rule 11 to new areas, they are free to do so.'" *Rapert*, 813 F.2d at 185, *quoting United States v. Segal*, 549 F.2d 1293, 1296 (9th Cir. 1977). "[I]t would have simplified matters" if the district court generally followed the procedures of Rule 11, including asking the defendant personally if he admitted the violations and explaining the consequences of his admissions. *See Taylor*, 747 F.3d at 519 (internal quotation marks omitted). But it was not plain error for the court not to follow those procedures.

Iyarpeya's claim that his sentence is substantively unreasonable is reviewed for an abuse of discretion. *United States v. Growden*, 663 F.3d 982, 984 (8th Cir. 2011). Varying upward from the Guidelines, the district judge noted that Iyarpeya had absconded and was not a good candidate for further supervised release. The judge also highlighted the seriousness of the original offense, the leniency of the original sentence, and the failure to pay restitution (in accordance with the informal agreement with the government). *See* 18 U.S.C. § 3553(a)(1) (listing nature and circumstances of the offense and the history and characteristics of the defendant as sentencing factors). The sentence is within statutory limits. *Id.* § 3583. The district court acted within its discretion in ordering 24 months' imprisonment.

The judgment is affirmed.

_____