# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1830
_____

United States of America,

*Plaintiff - Appellee*,

v.

Don L. Elbert, II,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: January 12, 2015
Filed: June 19, 2015
[Unpublished]
_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.
_____

PER CURIAM.

After finding that Don L. Elbert, II, violated four conditions of his supervised release from prison, the district court[1] revoked his release and sentenced him to a new

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

term of 36 months' imprisonment, followed by 15 years of supervised release. Elbert appeals the court's finding that he violated conditions of release, and he contends alternatively that the sentence is unreasonable. We affirm.

I.

In May 2007, Elbert pleaded guilty to one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591. The district court sentenced him to 96 months' imprisonment, followed by 15 years of supervised release. Elbert appealed, and we affirmed his conviction and sentence. *United States v. Elbert*, 561 F.3d 771 (8th Cir. 2009). After serving his prison sentence, Elbert began a term of supervised release in September 2013.

As conditions of release, Elbert was required to notify his probation officer ten days before any change in residence, to register his residence with the local sex offender registration unit, to follow instructions of his probation officer, to refrain from committing any federal, state, or local crimes, and to participate successfully in a mental health counseling program.

Shortly after his release from prison, Elbert was scheduled to attend a mental health assessment, but he failed to appear due to problems with transportation. The probation office instructed Elbert to contact the clinic and arrange for another appointment. To satisfy his residency requirement, Elbert reported that he would establish residency at a mission in Kansas City, Missouri, and he registered the mission as his official residence with the Jackson County Sheriff's Department.

In late September 2013, probation officer Michael Mattivi met with a mission official to confirm Elbert's residence, but the official advised him that Elbert had never stayed at the mission overnight. Elbert admitted to Mattivi that he often slept in his car due to concerns with theft at the mission. Mattivi informed Elbert that he

was in violation of his supervised release conditions and advised him that he was required to follow the probation office's instructions. In an effort to resolve Elbert's concerns with theft at the mission, Mattivi investigated a new home plan for Elbert. Later that day, Mattivi approved a plan for Elbert to reside with Elbert's uncle, Perry Doyle, in Kansas City, Missouri. The probation office informed Elbert that he must stay every night at his approved residence. Elbert registered Doyle's home as his residence.

As of October 28, 2013, Elbert had not rescheduled his mental health assessment as instructed, so probation officer Mattivi met Elbert at Doyle's home to discuss Elbert's counseling requirement. During his visit, Mattivi discovered that Elbert did not have a key to the front door or to his assigned bedroom. Elbert admitted that he had been spending nights away from the house, saying he often was unable to contact Doyle in the evenings and could not enter the house. Mattivi again instructed Elbert to begin permanent residency at Doyle's house immediately. He also provided Elbert with contact information for the mental health clinic and instructed him to call the provider to reschedule his mental health assessment.

On November 20, 2013, Mattivi conducted a home visit at Doyle's house, but Elbert was not home. Doyle admitted that Elbert had not spent a night at the house since Mattivi's last visit. As of November 22, 2013, Elbert had not contacted the mental health clinic to reschedule his assessment.

On November 22, 2013, the probation office recommended revocation of Elbert's supervised release based on four violations of his conditions of supervised release. All alleged violations arose out of Elbert's failure to reside at his approved residence and his failure to comply with his mental health counseling requirement.

After a hearing, the district court found that Elbert committed all four violations alleged and revoked his supervised release. At sentencing, the court

determined that Elbert's advisory guideline range was 12-18 months' imprisonment, but the court varied upward and sentenced him to 36 months' imprisonment and 15 years of supervised release.

## II.

Elbert argues that the government failed to prove the violations of supervised release by a preponderance of the evidence. We review the district court's findings for clear error, *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003), and conclude that there was sufficient evidence to support the determination that Elbert violated the conditions of his release.

The conditions of release required Elbert to reside at a residence approved by the probation office and to register his residence with the sex offender registry. Doyle testified that Elbert did not spend a single night at his residence as required by the conditions of release. Elbert argues that testimony of Doyle's brother, Felix Mason, that Doyle is forgetful and has mental health problems undermined Doyle's credibility. But the court addressed this contention and found that Doyle was credible:

> [T]he Court had the opportunity to hear evidence presented from the witnesses and consider what was credible and what was not credible. And the Court finds really all the witnesses were credible. They varied different in the story, but I don't even think the brother, Mr. Mason, really contradicted what the evidence was. And in the Court's opinion will find that Mr. Elbert you are in violation of your conditions of supervised release. And the government in my mind has clearly met the burden of the preponderance and I think even beyond that.

The district court's credibility determination is virtually unreviewable on appeal. *United States v. Smith*, 576 F.3d 513, 516 (8th Cir. 2009). There was ample

evidence based on Doyle's testimony and the investigation of probation officer Mattivi that Elbert failed to reside at his approved residence, violated federal sex offender registration laws, failed to follow Mattivi's instructions, and failed to comply with his mental health counseling requirement. It was not an abuse of discretion for the court to revoke Elbert's supervised release.

Elbert also challenges his sentence. He did not object during the hearing, so we review Elbert's claims of procedural error for plain error. *United States v. Nissen*, 666 F.3d 486, 490 (8th Cir. 2012). Elbert argues that the district court failed adequately to explain the chosen sentence, because the court made only general comments that there was a concern of danger if Elbert failed to reside at his designated residence. But the record shows that the district court properly considered the nature and circumstances of Elbert's offense and the need for the sentence to protect the public from Elbert. *See* 18 U.S.C. § 3553(a)(1), (2). The court noted the age and IQ of the victims of Elbert's sex trafficking offense and explained why Elbert posed a risk to public safety when he failed to stay at his designated residence or to complete mental health counseling. Where a district court refers to some of the factors set forth in § 3553(a), we ordinarily are satisfied that the court considered the entire statute; a mechanistic recitation of each factor is not required. *United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004). Elbert did not object at the hearing or request more elucidation, and the district court's explanation was not plain error.

Elbert also argues that the district court's upward variance from the advisory guideline range to a term of 36 months' imprisonment is unreasonable. We review the district court's sentencing decision under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007), and we discern no reversible error. The district court explained that Elbert's violations of supervised release prevented law enforcement from monitoring his whereabouts and thus presented a serious risk to public safety in light of his prior victimization of minors. These

reasons were sufficient to justify the three-year term of imprisonment and an extended period of supervised release after that term is completed.

The judgment of the district court is affirmed.

_____