# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3094
_____

United States of America

*Plaintiff - Appellee*

v.

Kelly James Rayson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls
_____

Submitted: April 4, 2017
Filed: July 24, 2017
[Unpublished]
_____

Before WOLLMAN and LOKEN, Circuit Judges, and ROSSITER,[1] District Judge.
_____

PER CURIAM.

_____

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska, sitting by designation.

Kelly James Rayson appeals from the district court's[2] revocation of his supervised release and the sentence the court imposed. We affirm.

In July 2009, Rayson pleaded guilty to one count of passing a counterfeit check, in violation of 18 U.S.C. § 513(a). He was sentenced to 33 months' imprisonment and 3 years' supervised release. Rayson violated the conditions of his supervised release following his release from prison and was sentenced to imprisonment for 12 months and 1 day, to be followed by 18 months' supervised release.

During Rayson's second term of supervised release, the U.S. Probation Office (Probation Office) filed a petition to revoke his supervised release, charging that Rayson had failed to report to his probation officer and had used methamphetamine. During his revocation hearing before the magistrate judge, Rayson admitted the two violations. In response to the magistrate judge's inquiry whether anyone had made any "side promises" in return for his admission, Rayson stated, "Only that the probation office would talk to me about [drug-abuse] treatment at a future date." The magistrate judge then accepted Rayson's admission, finding that he was competent to make the admission and that he had made it knowingly and voluntarily.

In recommending that the petition to revoke Rayson's supervised release be granted, the magistrate judge did not mention Rayson's statement that the Probation Office had promised to discuss treatment with him, and Rayson raised no objection to the Report and Recommendation on that ground. The Probation Office prepared a supplemental presentence report (PSR) that likewise did not mention the alleged promise to discuss treatment and calculated an advisory sentencing range under the

---

[2]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota, adopting the Report and Recommendation of the Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

United States Sentencing Guidelines Manual of 8 to 14 months' imprisonment. Rayson did not make a formal statement to the Probation Office for the PSR, nor did he object to the PSR.

The district court adopted the Report and Recommendation and the PSR. The court recognized that Rayson had struggled with drug addiction, but noted that "[f]or a second revocation of supervised release, it's routine for this Court to have the penalty be above that which was imposed for the first revocation," in order to "induce compliance with the provisions of supervised release." The court then sentenced Rayson to 13 months' imprisonment, to be followed by 11 months' supervised release.

We find no plain error in the district court's acceptance of Rayson's admission that he had violated the conditions of his supervised release. United States v. Taylor, 747 F.3d 516, 519 (8th Cir. 2014) (applying plain error standard where defendant failed to object before the district court during revocation proceedings). Rayson argues that he had a "side agreement" with the Probation Office to discuss treatment options and that the unfulfilled agreement renders his admission unknowing and involuntary. On appeal, he contends that his statement indicated that the Probation Office would consider recommending drug treatment or incarceration in a halfway house, in lieu of imprisonment. But there is no reference to any such agreement that the Probation Office would do so,[3] and the magistrate judge did not err in finding Rayson's admission to the violations knowing and voluntary, notwithstanding Rayson's statement that the Probation Office had promised to discuss treatment with

[3]Rayson points to an exchange during his initial appearance during which his counsel stated that he wished to discuss with Rayson's probation officer Rayson's release to a halfway house or other facility. This exchange, however, concerned whether Rayson should be held in custody or released on bond pending his revocation hearing, not whether Rayson and the Probation Office would discuss treatment options with regard to sentencing.

Rayson "at a future date." Nor did the district court err in adopting that finding, particularly in light of Rayson's failure to offer a formal statement for the PSR or otherwise object to it. In light of this record, we conclude that the district court did not err in adopting the magistrate judge's finding that Rayson's admission was knowing and voluntary.

Likewise, we reject Rayson's argument that the district court plainly erred in failing to consider drug treatment when crafting Rayson's sentence. Id. As set forth above, the district court explained that, although it was aware of Rayson's struggles with drug addiction, its sentence was intended to induce him to comply with the conditions of supervised release in the future. The sentence, which was within the advisory Guidelines range, constituted neither plain error nor an abuse of the district court's discretion. Id. at 520 ("We review the substantive reasonableness of a revocation sentence under a deferential abuse of discretion standard, and we may apply a presumption of reasonableness to sentences within the guideline range.").

The judgment is affirmed.

_____