# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3014
_____

United States of America

*Plaintiff - Appellee*

v.

Don L. Elbert, II

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Western Division

_____

Submitted: September 24, 2018
Filed: January 8, 2019
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Don L. Elbert, II, admitted to violating a special condition of his supervised release and was sentenced by the district court[1] to 10 months of imprisonment and 12

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

years of supervised release for this violation. He argues on appeal that his admission was not knowing and voluntary and that his sentence was unreasonable. Upon review, we affirm.

In 2007, Elbert was charged with and ultimately pled guilty to sex trafficking of a child in violation of 18 U.S.C. § 1591. *See United States v. Elbert*, 561 F.3d 771 (8th Cir. 2009). He was sentenced to 96 months of imprisonment and 15 years of supervised release.

Elbert began his supervised release in late 2013. Within a short time, he committed multiple violations of the conditions of his release. As a result, his supervised release was revoked and in early 2014 he was sentenced to a 36-month term of imprisonment and 15 years of supervised release. *See United States v. Elbert*, 617 F. App'x 599 (8th Cir. 2015).

Elbert began his second term of supervised release in late 2016. Within weeks, he tested positive for using cocaine, a violation of his release conditions. In April 2017, his probation officer issued another violation report, recommending that a warrant be issued for his arrest and alleging four violations of his supervised release: committing a crime by working as a prostitute, possessing (adult) pornography, failing a polygraph question regarding having sexual contact with a minor, and failing to attend sex offender treatment. The warrant was issued and Elbert was arrested.

At the preliminary revocation hearing, Elbert's counsel indicated that he and Elbert had both reviewed the violation report and had met together. Elbert's counsel waived the preliminary hearing. At the final revocation hearing, the court asked Elbert's counsel whether he had the opportunity to go over the report with Elbert, and he indicated he had. Elbert's counsel then said, "Mr. Elbert is – intends to admit to one of those . . . allegations," namely the violation of the condition prohibiting possession of pornography. In response to this admission, the Government declined

to offer evidence on the other three alleged violations. The court accepted the admission and found that Elbert had violated the condition. The Government and Elbert's counsel both recommended a sentence of 10 months of imprisonment and 12 years of supervised release. The district court then gave Elbert the opportunity to address the court. Elbert asked about where he would be staying once he was released, which the court was unable to answer conclusively, although it indicated a halfway house was likely. Elbert did not dispute the admission his counsel had just made to the violation or give any indication he was not in agreement with his counsel. The court then imposed the recommended sentence.

Elbert argues on appeal that the district court erred in accepting his admission because it failed to ensure that the admission was knowing and voluntary and also that the district court's sentence was unreasonable. Because Elbert failed to object at his revocation hearing, our review is for plain error. *See United States v. Taylor*, 747 F.3d 516, 519 (8th Cir. 2014). We conclude Elbert's admission was knowing and voluntary.

Unlike accepting a guilty plea, which under Federal Rule of Criminal Procedure 11 "requires an affirmative showing that the plea is intelligent and voluntary," accepting an admission at a revocation of supervised release does not require an affirmative showing on the record. *Taylor*, 747 F.3d at 519; Fed. R. Crim. P. 32.1. There is no evidence here that Elbert's admission was not knowing and voluntary. Elbert and his counsel had reviewed and gone over the violation report and Elbert's counsel admitted the violation at the revocation hearing in Elbert's presence. Elbert was given the opportunity to speak and did not object to the admission. On these facts, we cannot conclude that the district court erred by accepting Elbert's admission.

Elbert also argues his sentence was not substantively reasonable. However, Elbert has affirmatively waived his challenge to the reasonableness of his sentence. *See United States v. Chavarria–Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016) ("Waiver

precludes appellate review, while forfeiture limits consideration to a rigorous plain-error standard."); *United States v. Harrison*, 393 F.3d 805, 807–08 (8th Cir. 2005) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal." (quoting *United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995))). He explicitly asked for a sentence of 10 months of imprisonment and 12 years of supervised release. Elbert cannot now complain that the district court gave him precisely what he requested.

For the foregoing reasons, we affirm.

_____