# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-1644

———————————————

United States of America

*Plaintiff - Appellee*

v.

Lakisha S. Weathers

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: February 11, 2019
Filed: June 11, 2019
[Unpublished]

——————————

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

——————————

PER CURIAM.

After finding that Lakisha Weathers violated the conditions of supervised release, the district court[1] imposed a new sentence and returned her to prison.

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

Because none of the underlying findings was clearly erroneous and the sentence is substantively reasonable, we affirm.

Weathers pleaded guilty to bank fraud, 18 U.S.C. § 1344, and was placed on a five-year term of supervised release that required, among other things, regular drug testing. Since then, she has committed multiple violations. In one instance, she failed to complete a drug test after arguing with a testing-center employee. In others, she took the tests but failed them.

At the revocation hearing, the district court asked which violations, if any, she would admit. Her attorney, answering on her behalf, said only four of them. The court nevertheless found that she had committed eleven and imposed a six-month prison sentence followed by a new one-year term of supervised release.

On appeal, Weathers argues that the government failed to meet its burden of proof for the violations that she denied. *See United States v. Boyd*, 792 F.3d 916, 919 (8th Cir. 2015) ("The district court has the discretion to revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release."). For those that she admitted through her attorney, she says that she did not do so voluntarily and knowingly. Finally, she argues that even if she did commit some of the violations, the sentence imposed is substantively unreasonable.

We begin with the violations that she disputed, including the drug test that she never completed. According to the record, Weathers argued with a testing-center employee and eventually had to leave the facility before she could complete the test. To be sure, Weathers viewed the incident differently and claims that the employee displayed bad behavior, too. But the district court sided with the employee, and we decline to "re-weigh" the evidence and "substitute our own . . . assessment[] for th[at] of the district court." *United States v. Bunch*, 707 F.3d 1004, 1006 (8th Cir. 2013).

-2-

As for the multiple failed drug tests, she alleges that drug-detecting patches are unreliable, but she did little to prove it. *See United States v. Meyer*, 483 F.3d 865, 868–69 (8th Cir. 2007) (providing an opportunity to challenge the reliability of drug-detecting patches). She says that her many negative tests show that the patches simply did not work. But the district court could have drawn the opposite conclusion, too: the fact that some tests were positive and others negative shows that they are capable of distinguishing between the presence and absence of drugs.

Weathers also challenges her attorney's authority to admit violations on her behalf. We conclude that the admissions were, under the "totality of the circumstances," knowing and voluntary. *United States v. Jones*, 770 F.3d 710, 712 (8th Cir. 2014). *United States v. Taylor*, 747 F.3d 516 (8th Cir. 2014), makes clear that when counsel admits a violation in the defendant's presence, the admission is binding as long as the defendant is given an opportunity to express disagreement. *Id.* at 519. Here, as in *Taylor*, Weathers did not object at the time, nor did she contradict her attorney later. *See id.* at 519–20. To the contrary, she admitted that she had consumed an "edible [marijuana] product."

Finally, Weathers argues that her sentence is substantively unreasonable. We review the district court's decision for an abuse of discretion, *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008), and we can presume that a within-Guidelines-range sentence is reasonable, *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The court weighed the relevant statutory sentencing factors and imposed a sentence at the bottom of her advisory Guidelines range. *See* 18 U.S.C. § 3583(e) (requiring courts to consider several of the section 3553(a) factors when modifying or revoking supervised release). We have no trouble concluding that the court acted well within its discretion in setting her sentence. *See United States v. Ryser*, 883 F.3d 1018, 1022 (8th Cir. 2018).

The judgment of the district court is accordingly affirmed.

_____